**10 CV 9359**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CHARLES BOYCE,

                             Plaintiff,

  - against -

E.A. TECHNOLOGIES, INC.,

                            Defendant.

-----------------------------------------------------------x

Civil Action No. _____

ECF Case

RECEIVED DEC 15 2010 U.S.D.C. S.D.N.Y. COMPLETED

      Plaintiff Charles Boyce ("Mr. Boyce") by and through his attorneys, Arkin Kaplan Rice LLP ("AKR"), as and for his Complaint against Defendant E.A. Technologies ("EAT"), alleges as follows:

### NATURE OF THE ACTION

      1.     This is an action by Mr. Boyce against E.A. Technologies for damages pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

### JURISDICTION

      2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as a civil action arising under COBRA. 29 U.S.C. § 1161 *et. seq.*

### VENUE

      3.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)(2) and (3).

### THE PARTIES

      4.     Mr. Boyce is a former employee of EAT who presently acts as a consultant on EAT's behalf. EAT is engaged in the business of providing telecommunications services to the Metropolitan Transit Authority.

5. EAT is a covered employer subject to the requirements of COBRA.

6. Mr. Boyce is a covered employee/beneficiary eligible for COBRA benefits.

## BACKGROUND

7. Pursuant to an Employment and Consulting Agreement by and between EAT and Boyce, dated August 22, 2007, EAT agreed to provide health benefits to Mr. Boyce up to and through the termination of that agreement.

8. EAT has not terminated the Employment and Consulting Agreement.

9. Nonetheless, EAT terminated Mr. Boyce's health coverage in November, 2010.

10. EAT requested, and Mr. Boyce's health care carrier agreed, to apply this termination retroactively, such that Mr. Boyce was without insurance coverage as of September, 2010.

11. EAT did not provide Mr. Boyce with **any** notice under COBRA prior to this termination of his health care coverage.

12. To the contrary, EAT had affirmed, as late as October, 2010, that it continued to provide Mr. Boyce with heath care coverage pursuant to the terms of the Employment and Consulting Agreement.

13. Mr. Boyce has retained AKR to represent him in this matter and has agreed to pay said firm reasonable attorneys' fees for its services.

14. AKR wrote to EAT's attorney to advise that, among other things, EAT had not adhered to the notice requirements of COBRA.

15. By e-mail from its counsel dated December 12, 2010, EAT refused to remedy this violation.

## COUNT I

## E.A. TECHNOLOGIES, INC.'S VIOLATION OF THE NOTICE REQUIREMENTS OF COBRA

16. Mr. Boyce re-alleges and incorporates herein the allegations contained in paragraphs 1 through 15, above.

17. EAT failed to abide by the time-frame established for providing timely notice as required by COBRA.

18. EAT failed to provide proper substantive notice to Mr. Boyce as required by COBRA.

19. EAT intentionally and willfully violated COBRA by failing to inform and give timely and accurate notice to Mr. Boyce regarding continued coverage under COBRA after he was terminated. *See* 29 U.S.C. § 1166 *et. seq.*

20. Indeed, EAT affirmed that it has and would continue to pay Mr. Boyce's health care coverage. Despite this, it secretly terminated Mr. Boyce's heath care coverage, and requested that this termination be applied retroactively.

21. Unaware that his health care coverage was terminated, Mr. Boyce and his family continued to visit with heath care providers, who are now seeking to recover the amounts associated with such services from Mr. Boyce and his family directly.

22. On information and belief, EAT engaged in this conduct to impair Mr. Boyce financially to gain a strategic advantage in a litigation now pending in the New York State Court system.

23. Due to EAT's willful and malicious violation of COBRA, Mr. Boyce and his family are deprived of necessary medical care.

24. Due to EAT's willful and malicious violation of COBRA, Mr. Boyce is entitled to

recover damages in the amount of $110.00 per day from the date of EAT's willful and malicious violation of COBRA.

25.  Pursuant to 29 U.S.C. § 1132(c),(g), Mr. Boyce is entitled to costs of this action and reasonable attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Charles Boyce requests judgment against EAT for statutory damages, actual damages, attorneys' fees and costs, prejudgment and post judgment interest, and such other and further relief as the Court may deem proper.

Dated: December 15, 2010
    New York, New York

>                               Respectfully submitted,
>
>                               ARKIN KAPLAN RICE LLP
>
>                               By: _____
>                               Lisa C. Solbakken
>                               590 Madison Avenue
>                               35th Floor
>                               New York, New York 10022
>                               (212) 333-0200 (telephone)
>                               (212) 333-2350 (facsimile)
>
>                               *Attorneys for Plaintiff Charles Boyce*